[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13839
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cr-00223-LMM-LTW-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRYANT TERRANCE COOPER,
a.k.a. Bryan Cooper,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 27, 2021)

Before JILL PRYOR, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Bryant Cooper, a federal prisoner proceeding pro se, appeals the district court's denial of his "compassionate release" motion for a reduced sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act of 2018.[1] The district court denied Cooper's motion after explaining that while Cooper had exhausted his administrative remedies, Cooper had not demonstrated extraordinary and compelling reasons for his release in his arguments regarding his medical conditions—namely glaucoma and vision loss—and the effects of COVID-19 in relation to those conditions. The court also concluded that the pandemic on its own did not warrant his compassionate release. On appeal, Cooper makes arguments regarding his medical conditions and the pandemic. After thorough review, we affirm.

## I.

In 2017, Cooper pleaded guilty to sexual exploitation of a minor by production of sexually explicit visual or printed material in violation of 18 U.S.C. § 2251(a) and (e). He was sentenced to 180 months' imprisonment to be followed by a life term of supervised release.

In 2020, Cooper filed in the district court a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). He argued that several circumstances warranted a reduction in his sentence. Those circumstances included medical

---

[1] First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239.

issues, primary of which were eye and vision problems—which included a retinal detachment in his right eye and the need for surgery for glaucoma in his left—and the effect of the COVID-19 pandemic on his obtaining care for these conditions. Furthermore, he argued that he had high blood pressure and that the COVID-19 pandemic made it such that proper medical care was not provided to him. In addition, he described in the motion his rehabilitation efforts, his having completed 50% of his sentence, his good behavior in prison, his lack of a history of violence and his not being a danger to the community, his plans for life after release, and the poor conditions in the prison.

On September 11, 2020, the district court denied Cooper's motion for compassionate release. In its order, the district court explained that the First Step Act allowed for defendants to file compassionate release motions themselves after exhaustion of administrative remedies and a motion could be granted by the court if, and after considering the 18 U.S.C. § 3553(a) factors, the court found that the defendant demonstrated extraordinary and compelling circumstances warranting a sentence reduction and the reduction was consistent with § 1B1.13 of the U.S. Sentencing Guidelines Manual.

In applying this law to Cooper's motion, the district court first determined that Cooper had exhausted his administrative remedies. Then, the district court concluded that Cooper had not established an extraordinary and compelling reason

to warrant a sentence reduction and his compassionate release. After explaining the factual circumstances of Cooper's glaucoma and vision loss, the court explained that the Centers for Disease Control and Prevention ("CDC") had not found that people with glaucoma or vision loss are at an increased risk of severe illness from COVID-19 and thus Cooper had not demonstrated he was within the category of people at an increased risk of severe illness. The court also stated that Cooper had not yet served a substantial portion of his 180-month sentence. Finally, the court explained that the COVID-19 pandemic, standing alone, did not warrant a reduced sentence. In a footnote, the court noted that Cooper could bring his allegations as deliberate indifference claims under 42 U.S.C. § 1983.

Cooper filed a notice of appeal.[2]

## II.

We review a district court's denial of a § 3582(c)(1)(A) motion for abuse of discretion. United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." Id. (internal quotation marks omitted). We may affirm the district

---

[2] A panel of this Court denied the government's construed motion to dismiss based on Cooper's late filing of his notice of appeal. The district court, on limited remand, determined that Cooper's late filing of his notice of appeal constituted excusable neglect and was justified by good cause. In accordance with this finding, our Court determined that this appeal may proceed.

court's order on any ground supported by the record.  See United States v. Muho, 978 F.3d 1212, 1219 (11th Cir. 2020).

## III.

Section 3582(c)(1)(A) permits district courts to modify a term of imprisonment when they otherwise lack the inherent authority to do so.  18 U.S.C. § 3582(c); United States v. Jones, 962 F.3d 1290, 1297 (11th Cir. 2020).  Prior to the enactment of the First Step Act in December 2018, § 3582(c)(1)(A) allowed a district court to reduce a prisoner's term of imprisonment only upon motion of the Bureau of Prisons ("BOP") Director.  18 U.S.C. § 3582(c)(1)(A) (2018).  Section 3582(c) now provides that in addition to a motion by a BOP Director, "upon motion of the defendant after the defendant has fully exhausted all administrative rights," a district court

> may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

§ 3582(c)(1)(A); Pub. L. No. 115-391, § 603(b), 132 Stat. at 5239.

The policy statement applicable to § 3582(c)(1)(A) is found in U.S. Sentencing Guidelines Manual § 1B1.13.  United States v. Bryant, 996 F.3d 1243, 1262 (11th Cir. 2021).  "[D]istrict courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13."  Id.

5

Section 1B1.13 permits a sentence reduction, "if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," the district court determines that "[e]xtraordinary and compelling reasons warrant the reduction," that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," and that "[t]he reduction is consistent with this policy statement."  U.S.S.G. § 1B1.13(1)(A), (2), (3).  The commentary to the policy statement defines four factors that qualify as extraordinary and compelling reasons:  medical condition, age, family circumstances, and "other reasons . . . [a]s determined by the Director of the Bureau of Prisons."[3]  § 1B1.13, cmt. n.1.

Relevant in this case is the medical condition category.[4]  Section 1B1.13's commentary states that a defendant is suffering from a qualifying medical condition when the defendant is either suffering from a terminal illness or

(I) suffering from a serious physical or medical condition,

---

[3]    District courts do not have the discretion under the catch-all "other reasons" category to develop other reasons outside of those expressly listed in § 1B1.13 that might justify a reduction in a defendant's sentence.  Bryant, 996 F.3d at 1248.  Therefore, to the extent Cooper intended to make an argument with regard to this category, the district court did not abuse its discretion in its silence on this category and its not granting the motion on such a basis.

[4]    Cooper did not mention family circumstances in his motion.  He did mention he was 46 years old and had served about 50% of his 180-month sentence.  But age is an extraordinary and compelling reason for a sentence reduction only if "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less."  U.S.S.G. 1B1.13 cmt. n.1(C).  Thus, the record does not support Cooper's motion based on age or family circumstances.

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

§ 1B1.13, cmt. n.1(A)(i), (ii).

In addition, the commentary states, "Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." § 1B1.13, cmt. n.3.

IV.

Cooper fails to establish on appeal that the district court abused its discretion in holding that he did not demonstrate extraordinary and compelling reasons for his compassionate release. Cooper's appellate arguments address his glaucoma and vision loss and the effects of COVID-19 pandemic but in new terms not presented to the district court and not in terms that present any argument that the district court abused its discretion.

That is, Cooper presents a new theory that he should be granted compassionate release because, as he argues, becoming blind in prison and not being able to see his surroundings increases his chance of contracting the COVID-19 as a result of his difficulty following CDC guidelines for social distancing and for proper storage of masks. But "[a]s a general rule, an issue 'not raised in the

7

district court and raised for the first time in an appeal will not be considered by this court.'" Blue Martini Kendall, LLC v. Miami Dade Cnty. Fla., 816 F.3d 1343, 1349 (11th Cir. 2016) (quoting Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004)).  And "[w]hile we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (citations omitted).  The district court explained that the CDC has not found that people with glaucoma or eye vision loss are at an increased risk from severe illness from COVID-19, that Cooper had not demonstrate that he fell within the category of people who face an especially high risk of such severe illness, and that the pandemic alone did not warrant his release.  Cooper does not take issue with any of these reasons, nor does he argue that the district court's analysis is in anyway inconsistent with the legal framework outlined above, and thus Cooper has abandoned any such argument that the district court abused its discretion.  See id.; Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014) ("When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed.").

Similarly, Cooper mentions in his appellate brief that he has hypertension, is pre-diabetic, and has other medical conditions, yet he makes no argument as to

why the district court's rejection of similar arguments below was an abuse of discretion. Therefore, because Cooper makes no argument regarding these other conditions on appeal, Cooper has abandoned any argument that these conditions warrant his compassionate release. See Timson, 518 F.3d at 874; Sapuppo; 739 F.3d at 680. Cooper makes no other arguments regarding any other part of the district court's analysis.

Accordingly, we affirm the district court's denial of Cooper's compassionate release motion. Because this order resolves his appeal, Cooper's construed motion for appointment of counsel in his appellate brief is denied as MOOT.

AFFIRMED.